UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERARD NICOTRA,

    Plaintiff,

v.                                                      CASE NO. 8:23-cv-1442-SDM-AEP

FLORIDA DEPARTMENT OF
   CORRECTIONS, et al.,

    Defendants.
_____/

**ORDER**

    Nicotra's complaint alleges that the defendants violated his civil rights by subjecting him to excessive force in the Hardee Correctional Institution. An earlier order (Doc. 6) grants Nicotra leave to proceed *in forma pauperis*. Nevertheless, Nicotra is advised that the Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on defendant Ricky Dixon, the Secretary of the Department of Corrections ("DOC") is not warranted.

In his paper, generously interpreted, Nicotra alleges that on May 26, 2023, and while imprisoned, he intentionally caused a "use of force situation" by refusing to be handcuffed when his time to shower ended and that, because of his refusal, when the shower cell was opened Lt. Jackson, Sgt. Jones, and Officers Hunter and Volla forced their way into the cell, overpowered Nicotra, and handcuffed him. Nicotra admits to struggling with the correctional officials both inside the shower cell and all the way to his cell, where he was pushed to the floor and held while Lt. Jackson and Sgt. Jones allegedly punched him "numerous times in the back of the head and in my torso area" while still handcuffed. (Doc. 4 at 15)

Nicotra names as the defendants the four above identified correctional officials and Ricky Dixon, in both individual capacity and his official capacity as the "head supervisor over the Fla. DOC and Hardee Close Management Units." (Doc. 4 at 14) Nicotra cannot pursue against a person a Section 1983 action based only on the person's supervising someone who allegedly wronged Nicotra. The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Nicotra's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). Nicotra asserts no facts showing the direct and active involvement of Ricky Dixon in the alleged deprivation of his rights. Consequently, the complaint states a claim against Ricky Dixon in neither his individual nor his official capacity.

In his request for relief, Nicotra asks "to be transferred for my safety to prevent any retaliation." (Doc. 4 at 5)  Similarly, in his initial paper, captioned "Emergency Motion for Federal Protective Custody and Appointment of Counsel" (Doc. 1), and in his subsequent paper, captioned "Emergency Motion for Transport for Hearing or Federal Protective Custody" (Doc. 8), Nicotra moves for an order directing either his transfer to another institution within the Florida DOC or his transfer into federal custody.  Neither transfer request is within the discretion of the district court.  On the contrary, the district court may appoint a lawyer, but only in an exceptional circumstance.  A civil litigant has no constitutional right to counsel both because a Section 1983 action is a civil action and because Nicotra's physical liberty is not at risk. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).  The fundamental fairness requirement of the due process clause of the Fourteenth Amendment to the United States Constitution requires appointment of counsel only in an "exceptional circumstance." *Lassiter*, 452 U.S. at 31.  *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996).  Nicotra fails to meet his burden of presenting an "exceptional circumstance" requiring the appointment of counsel.

Lastly, Nicotra moves (Doc. 9 at 1) "to compel the Florida Department of Corrections to preserve camera footage" from the day after the alleged use of excessive force, which evidence Nicotra contends will show that Sgt. Jones refused to allow him to self-declare a "medical emergency" during a nurse's regular visit in the housing unit.  Nicotra's grievance and response, which he attaches to the motion, show that, according to institutional records, Nicotra was seen by a nurse for a self-declared

medical emergency on May 28 (not May 27) and that the nurse determined that Nicotra's condition did not meet the requirements for a medical emergency.

Nicotra's motions for a transfer, to appoint counsel, and to compel preservation of evidence (Docs. 1, 8, and 9) are **DENIED**. Defendant Ricky Dixon is **DISMISSED** from this case. A separate order will issue that directs the clerk to begin service on the remaining defendants.

### A CAUTION TO MR. NICOTRA

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Nicotra is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on October 30, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE