UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERARD NICOTRA,

     Plaintiff,

v.                                                    CASE NO. 8:23-cv-1442-SDM-AEP

FLORIDA DEPARTMENT OF
   CORRECTIONS, et al.,

     Defendants.

_____/


**ORDER**

Nicotra's complaint alleges that the defendants violated his civil rights by subjecting him to excessive force in the Hardee Correctional Institution ("HCI"). An earlier order (Doc. 6) grants Nicotra leave to proceed *in forma pauperis*, dismisses the Secretary of the Department of Corrections as a defendant ("Secretary"), and allows the action to proceed against four prison officials who allegedly used excessive force against him on May 26, 2023. An earlier order (Doc. 10) denies Nicotra's motion for a transfer either to another state institution or to federal custody and explains that neither transfer request is within the discretion of the district court.

Pending is Nicotra's "Emergency Motion for Preliminary Injunction and Temporary Restraining Order" (Doc. 12), in which he requests an injunction that compels the Secretary to use his authority under Florida's Administrative Code

("Code") to transfer him to another institution.  Whether Nicotra is entitled to a transfer under the Code is reserved to the Secretary's discretion.  Nicotra's request for a mandatory injunction is actually an application for a writ of mandamus, and a district court lacks jurisdiction to issue a writ of mandamus to order a state agency, a state official, or other state entity to perform a duty.  *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).[1]  *See also Campbell v. Gersten*, 394 F. App'x 654 (11th Cir. 2010)[2] ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar*, 440 F.2d at 384).

Moreover, the request for an injunction is moot because Nicotra advises that he is no longer imprisoned in HCI.  (Doc. 13)  *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (footnote omitted), *abrogated on other grounds, Sossamon v. Texas*, 563 U.S. 277 (2011), explains:

> The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. *McKinnon [v. Talladega Cty., Ala.,]*, 745 F.2d [1360,] 1363 [(11th Cir. 1984)]; *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (*per curiam*). The reason for this rule is that injunctive relief is "a prospective remedy, intended to prevent future injuries," *Adler [v. Duval Cty. School Bd.]*, 112 F.3d [1475,] 1477 [(11th Cir. 1997)], and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained. *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per*

---

[1]  Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[2]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

*curiam*) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief").

*See also Robbins v. Robertson*, 782 F. App'x 794, 799 (11th Cir. 2019) ("'The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief ' even when 'there is no assurance that he will not be returned to the jail.'") (quoting *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984)); *Stanley v. Broward Cty. Sheriff*, 773 F. App'x 1065, 1069 (11th Cir. 2019) ("Where past harm has occurred but 'the threat of future harm dissipates, the plaintiff 's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury.'") (quoting *Adler v. Duval Cty. School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)).

Also, Nicotra requests an order preventing the four defendants from "coming near" him.  Nicotra's transfer from HCI renders this request moot.  Nevertheless, Nicotra must cease repeatedly moving for injunctive relief absent a real emergency. Nicotra is advised that a federal court is cautioned against interjecting itself into either prison staffing or housing assignments.  "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  *See LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993).  Although "not insulat[ing] from review actions taken in bad faith or for no legitimate purpose," *Whitley v. Albers*, 475 U.S. 312, 322 (1986), judicial deference requires that neither judge nor jury freely substitute their

judgment for a prison officials' considered decision, as *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008), explains:

> "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources." *Turner v. Safley*, 482 U.S. 78, 84–5, 107 S. Ct. 2254, 2259, 96 L. Ed. 2d 64 (1987). Prison officials are therefore "accorded latitude in the administration of prison affairs." *Cruz v. Beto*, 405 U.S. 319, 321, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972). This latitude includes "the withdrawal or limitation of many inmate privileges and rights." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974).

Lastly, Nicotra has returned the service of process forms, but the forms are incomplete because Nicotra failed to complete the "Notice of Lawsuit" forms.  The clerk must return the incomplete forms to Nicotra.

Nicotra's "Emergency Motion for Preliminary Injunction and Temporary Restraining Order" (Doc. 12) is **DENIED**.  The clerk must return to Nicotra the service of process forms that he failed to properly complete.  Nicotra must return the properly completed forms no later than **MONDAY, JANUARY 4, 2024**.

ORDERED in Tampa, Florida, on November 30, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE