UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERARD NICOTRA,

    Plaintiff,

v.                                    CASE NO. 8:23-cv-1442-SDM-AEP

FLORIDA DEPARTMENT OF
   CORRECTIONS, et al.,

    Defendants.
                                     /

**ORDER**

Nicotra's complaint alleges that the defendants violated his civil rights by subjecting him to excessive force in the Hardee Correctional Institution ("HCI"). An earlier order (Doc. 6) grants Nicotra leave to proceed *in forma pauperis*, dismisses the Secretary of the Department of Corrections as a defendant ("Secretary"), and allows the action to proceed against four prison officials who allegedly used excessive force against him on May 26, 2023. An earlier order (Doc. 10) both denies Nicotra's motion for a transfer either to another state institution or to federal custody and explains that neither transfer request is within the discretion of the district court. Another order (Doc. 14) denies Nicotra's "Emergency Motion for Preliminary Injunction and Temporary Restraining Order" (Doc. 12), which was construed as a writ of mandamus in which Nicotra requested an order to compel the Secretary to use his authority under Florida's Administrative Code ("Code") to transfer him to another institution.

Nicotra files three new motions. First, Nicotra again moves (Doc. 17) for a temporary restraining order or preliminary injunction to require prison officials to follow the Code. In the present motion Nicotra alleges that the Code requires a prison official to use an additional camera to record an "inmate under close management [who] refuses to be taken into hand restraint[s]" (Doc. 17 at 1), apparently because of the likely need to use force. Nicotra admits that he purposely caused a "use of force situation" by laying down in his cell and refusing commands to get up. (Doc. 17-1 at 1) Nicotra complains that prison officials failed to record the incident as required under the Code. Nicotra's remedy for the alleged failure of a prison official to follow the Code lies not in federal court but in the prison's administrative grievance process. The attachment to the motion shows that Nicotra filed a grievance, which was approved to the extent that the incident was referred for investigation. (Doc. 17-1) Nicotra is entitled to no further relief. Nicotra is reminded of the caution in the earlier order, which denies injunctive relief, that he "must cease repeatedly moving for injunctive relief absent a real emergency [and] that a federal court is cautioned against interjecting itself into" running a prison. (Doc. 14 at 3)

Second, Nicotra moves "for Access to Law Library." He both represents that inmates in close management may "receive up to 15 case laws a week on Fridays" and requests an "increased amount of days [he] can be given material for his research." (Doc. 19 at 1) Nicotra shows neither entitlement to greater library privileges than other inmates in close management nor inadequacy of his present access to conduct legal research. A prisoner must have both "meaningful access to the courts," *Bounds v.*

*Smith*, 430 U.S. 817, 823 (1977), and "a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement. But it is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Lewis v. Casey*, 518 U.S. 343, 357 (1996). Physical access to "turn pages in a law library" is not required. Moreover, as explained in the earlier order (Doc. 14 at 3–4), a court must generally defer to a prison official's decision on how best to run a prison, and obviously this applies especially to deciding which day or days an inmate may receive library materials.

Finally, Nicotra moves (Doc. 18) for leave to file an amended complaint "to fix some of the written deficiencies." Because he has not previously amended his action and because no defendant is yet served, Nicotra may amend as a matter of course under Rule 15(a)(1), Federal Rules of Civil Procedure.

The "Motion for Temporary Restraining Order and Preliminary Injunction" and the motion for greater access to the law library (Docs. 17 and 19) are **DENIED**. Nicotra's motion (Doc. 18) for leave to amend is **GRANTED**. No later than **MONDAY, FEBRUARY 12, 2024**, Nicotra must file his amended complaint. The clerk must send to Nicotra the required complaint form. Nicotra's deadline to return the service of process forms is extended to February 12, 2024.

ORDERED in Tampa, Florida, on December 22, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE